UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY VINCENT ZARATE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:18-cv-00316-JDP<br><br><br>ORDER ON SOCIAL SECURITY APPEAL |

## I. INTRODUCTION

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Acting Commissioner of the Social Security Administration regarding his applications for a period of disability and disability insurance income, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. At a hearing on May 14, 2019, the court heard argument from the parties. We will deny claimant's appeal for the reasons stated below.

## II. DISCUSSION

Plaintiff raises two arguments on appeal. First, he contends that the Administrative Law Judge ("ALJ") erred in evaluating his symptom testimony. *See* ECF No. 17 at 12, 14. Second, he contends that "the ALJ failed to properly consider the evidence of hand impairments." ECF No. 21 at 6 (capitalization altered). We will address each argument in turn.

## A. The ALJ's Evaluation of Claimant's Symptom Testimony

"An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (internal citations omitted). An ALJ must engage in a two-step analysis to determine whether a claimant's testimony concerning subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation marks omitted). "[T]he claimant is not required to show her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* Second, if there is no evidence of malingering, the ALJ may reject a claimant's testimony about the severity of her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* at 1015; *see also Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (reaffirming the application of the two-step analysis in *Garrison* after Social Security Ruling 16-3p (2016)). Evidence of malingering is sufficient by itself to undermine a claimant's credibility. *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *see also Barrientez v. Colvin*, 517 F. App'x 602, 603 (9th Cir. 2013) (affirming ALJ's credibility determination where the ALJ found "some evidence of malingering").

Factors that an ALJ may consider in assessing a claimant's subjective pain and symptom testimony include the claimant's daily activities; the location, duration, intensity and frequency of the pain or symptoms; factors that cause or aggravate the symptoms; the type, dosage, effectiveness or side effects of any medication; other measures or treatment used for relief; functional restrictions; and other relevant factors. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). In assessing the claimant's credibility, the ALJ may also consider "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment;

and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotation marks and citations omitted).

In this case, claimant testified at the hearing that he is unable to work due to physical problems involving his knees, hands, feet, right shoulder, left elbow, and fissures in his colon. AR 40-41. He testified that he can stand for only five to ten minutes and that he can walk only about twenty feet. AR 42. He also explained that he "can't grip things" or "carry" with his hands; he is limited to lifting and carrying about two pounds at a time. AR 43-44.

In considering this testimony, the ALJ conducted the necessary two-step analysis and found that claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that claimant's statements about "the intensity, persistence and limiting effects of these symptoms" were not entirely credible. AR 25. The ALJ's asserted bases for this finding were that claimant's statements were not entirely consistent with the objective medical evidence and his activities of daily living. AR 25-26. The ALJ explained these bases in some detail. *See* AR 24-29. For example, he noted that claimant's wife reported that claimant was able to shop in stores, AR 25, which appears inconsistent with claimant's self-reported ambulatory limitations. With regard to the limitations claimant ascribed to his hands, the ALJ noted that both Dr. Kumar and the State Agency medical consultant opined that "claimant had the ability to lift and carry 25 pounds frequently and 50 pounds occasionally." AR 26, 28.

Claimant argues that the ALJ erred in this analysis, contending that two of claimant's discrete assertions should have been fully credited. First, claimant argues that the ALJ erred by discounting claimant's testimony about being restricted in his ability to stand or walk. ECF No. 17 at 8-12. Claimant contends that there was evidence in the record corroborating his account, namely (1) the opinion of Dr. Kumar from November 2014, AR 436; and (2) a consultation note from October 2016, AR 1246. Dr. Kumar opined that claimant could "stand and walk six hours in an eight-hour working day with routine breaks without assistive device," AR 436, and the consultation note indicated that claimant should follow up when necessary "to proceed [with a] knee replacement as an option," AR 1246.

Claimant is correct that this evidence tends to show that claimant has some limitations in

his walking and standing, but it does not contradict the ALJ's analysis. Indeed, at the first step of the analysis, the ALJ found that claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 25. At the second step, however, he opined that claimant's statements about "the intensity, persistence and limiting effects of these symptoms" were not entirely credible. AR 25. The ALJ's conclusion at the second step was reasonable in light of the evidence. As stated above, claimant testified at the hearing that he could only walk twenty feet—which would suggest a much great limitation than was indicated by Dr. Kumar's opinion. Moreover, the evidence that claimant should follow up about a knee replacement *as needed* does not constitute definitive evidence that claimant's limitations were as severe as he alleged. Thus, we find that the ALJ did not err in discounting claimant's testimony about standing and walking.

Second, claimant argues that the ALJ erred by discounting his testimony about being restricted in his ability to use his hands. ECF No. 17 at 12-14. Claimant states that there is evidence in the record demonstrating that he was so restricted, namely (1) Dr. Kumar's opinion that claimant had numbness in his hands, AR 432; (2) an example of a left-hand fracture of the styloid and nonunion of the ulnar, AR 547; and (3) claimant's diagnosis of "bilateral distal radioulnar joint osteoarthrosis," AR 825.

Once again, the evidence claimant cites does not contradict the ALJ's conclusion. The ALJ found that claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," AR 25, but, at the second step, he opined that claimant's statements about "the intensity, persistence and limiting effects of these symptoms" were not entirely credible, AR 25. This conclusion was reasonable in light of the evidence. As stated above, claimant stated at the hearing that he "can't grip things" or "carry" with his hands; he is limited to lifting and carrying about two pounds at a time. AR 43-44. Claimant's proffered evidence shows that he indeed has some limitations in lifting and carrying, but the record does not necessarily indicate that claimant's testimony was fully accurate. For example, Dr. Kumar recorded that claimant self-reported numbness in his hands, but the doctor also opined that claimant could lift and carry fifty pounds—directly contradicting claimant's testimony that he is limited to just two

4

pounds. Moreover, the ALJ considered claimant's testimony about his hands in light of the record as a whole, which contained evidence of malingering.[1] Therefore, the ALJ did not err in concluding that claimant's testimony about his hands was less than fully credible.

In sum, the court concludes that the ALJ offered "specific, clear and convincing reasons" for partially discounting claimant's statements about the limiting effects of his symptoms. *Garrison*, 759 F.3d at 1015.

## B. The ALJ's Assessment of Claimant's RFC

As an initial matter, the court need not address plaintiff's argument that "the ALJ failed to properly consider the evidence of hand impairments," ECF No. 21 at 6 (capitalization altered), because it has been waived. In his opening brief, plaintiff stated facts implicating his hand impairments, but he argued only that the ALJ erred in evaluating his symptom testimony. ECF No. 17 at 12-14. We will not make arguments for plaintiff, *see Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) (noting that courts "will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support"); *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("[I]ssues not argued with specificity in briefing will not be addressed."); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'"), and arguments raised for the first time in a reply brief are waived, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (noting that courts "review only issues which are argued specifically and distinctly in a party's opening brief"); *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) (declining to address an argument made for the first time in a reply

---

[1] Psychiatric consultative examiner Dr. Kent Jordan opined that claimant "appeared to highly embellish psychiatric symptoms." AR 23, 444. Though the ALJ did not explicitly conclude that claimant malingered, he did describe Dr. Jordan's finding and give it "moderate weight." AR 23. As stated above, evidence of malingering is sufficient by itself to undermine a claimant's credibility. *See Benton*, 331 F.3d at 1040.

5

because it would be unfair to the opposing party). Nonetheless, plaintiff's arguments lack merit, and we will briefly explain why.

A claimant's RFC is what she can still do despite her physical, mental, and other limitations. *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001); *see also* 20 C.F.R. pt. 404, subpt. P, app. 2, 200.00(c). The ALJ's determination of a claimant's RFC must be based on the medical opinions and the totality of the record. *See* 20 C.F.R. §§ 416.927(b), 416.946(c). In making this determination, the ALJ is responsible for "resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not [a] physician, to determine residual functional capacity [RFC]."). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Claimant essentially argues that an aspect of the ALJ's RFC determination—that claimant "could perform medium work" with the limitation that he could "occasionally climb and crawl," AR 24—lacks the support of substantial evidence because it failed to properly account for the evidence of his hand impairments. ECF No. 21 at 6-8. For support, claimant points to a variety of evidence in the record: "the reduced grip strength measured by Dr. Kumar," ECF No. 21 at 7 (citing AR 435); "the surgical history for claimant's shoulder and carpal tunnel syndrome," *id.* (citing AR 22); and "an inflammatory process, the presence of joint pain, and limited motion secondary to mild synovitis," *id.* (citing AR 674, 705, 727, 815).

Though plaintiff marshals some support for his argument, the ALJ—who is responsible for "resolving conflicts in medical testimony, and for resolving ambiguities," *Garrison*, 759 F.3d at 1010 (quoting *Andrews*, 53 F.3d at 1039)—relied on other evidence in the record to come to a contrary conclusion. For example, the ALJ gave moderate weight to consultative examiner Dr Kumar, who, after examining claimant's hands, found no reduced range of motion, no tenderness, and no atrophy. AR 26-27, 434. Kumar further opined that "[g]ripping, fine manipulative activities and overhead activities are unrestricted." AR 436. The ALJ also gave moderate weight

to the State Agency medical consultant, who opined that "claimant had the ability to lift and carry 25 pounds frequently and 50 pounds occasionally." AR 28. Considering the foregoing, the court concludes that the ALJ's understanding of claimant's RFC is supported by substantial evidence.

**ORDER**

Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, we find that the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. Claimant's appeal from the administrative decision of the Commissioner of Social Security is denied. The clerk of court is directed to enter judgment in favor of defendant Nancy Berryhill, the Acting Commissioner of Social Security, and against claimant Johnny Vincent Zarate. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated: May 25, 2019

UNITED STATES MAGISTRATE JUDGE